IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE GRAND JURY PROCEEDINGS ) | Misc. No. 98-97 |
| ) | (Under Seal) |

FILED
MAR 10 1998

## MOTION TO EXPEDITE CONSIDERATION OF MOTIONS TO COMPEL TESTIMONY

The United States of America, by Kenneth W. Starr, Independent Counsel, respectfully requests expedited consideration of its motions to compel testimony of White House witnesses who are asserting Executive privilege. The contours of the Executive privilege have been clearly defined to the point that this Court can resolve these issues with little difficulty. Considering the desire of all parties for a speedy resolution of this investigation, expedited consideration of the motions is warranted and in the best interests of justice. The President will not be unfairly prejudiced by expedited consideration, as he has been contemplating these issues for over a month and clear and binding precedent on Executive privilege now exists.

Because of the vast importance of Executive privilege issues in the context of a criminal investigation, this Court historically has resolved such claims with considerable dispatch. In In re Grand Jury Subpoena Duces Tecum Issued to Richard M. Nixon, 360 F. Supp. 1 (D.D.C.), modified sub nom. Nixon v. Sirica, 487 F.2d 700 (D.C. Cir. 1973) (en banc), this Court

1

addressed Watergate Special Prosecutor Archibald Cox's subpoena request for tapes. Despite the dearth of relevant precedent and President Nixon's additional claim that this Court lacked jurisdiction, this Court held a hearing 27 days after Special Prosecutor Cox's request for a show cause order. This Court issued its opinion 7 days later and allowed only 5 days to appeal.

In United States v. Mitchell, 377 F. Supp. 1326 (D.D.C.), aff'd sub nom. United States v. Nixon, 418 U.S. 683 (1974), this Court considered President Richard Nixon's invocation of Executive privilege against Watergate Special Prosecutor Leon Jaworski. With the law somewhat more settled by the District of Columbia Circuit's opinion in Sirica, this Court held a hearing 11 days after the President's motion to quash. This Court issued its opinion 7 days later and granted the parties only 4 days to appeal.

The United States respectfully submits that, now that this Court has the additional guidance of Nixon and In re Sealed Case, 121 F.3d 729 (D.C. Cir. 1997), such expedition is even more warranted. Pursuant to D.D.C. R. 108, briefing will be completed no later than Tuesday, March 24, 1998. We request a hearing as soon as possible thereafter, preferably the week of the March 23, and a decision as quickly as possible thereafter. In that regard, the United States respectfully submits that it might be

prudent for this Court to issue an order with an opinion to follow afterwards.  In addition, should non-Executive privilege issues delay this Court in rendering a decision on any particular subpoena, the United States respectfully suggests that an immediate order resolving the remaining subpoenas would be in the interests of justice.

The President will not be prejudiced by such an expedited schedule.  The United States first sent a letter to the President's personal attorneys as early as January 21 inviting his attendance before the grand jury.  The request was renewed in a call on January 28, and in letters on February 2, February 4, February 9, February 21, and March 2.  On each invitation, the President either declined or failed to respond.  The President, therefore, has been well apprised of the grand jury's interest in testimony involving communications by the President.

Press reports indicate that the President and his attorneys have been discussing the possibility of asserting Executive privilege to bar Deputy Counsel Bruce Lindsey's testimony since as early as February 3.  See Susan Schmidt & Peter Baker, Logs Show About 3 Dozen Lewinsky Visits; Clinton Secretary Cleared Most Entries Into White House After Spring 1996, Wash. Post, Feb. 4, 1998, at A1.[1]  Media reports also state that White House

---

[1] See also Ruth Marcus, Clinton's 'Captain of the Defense'; Confidant, Counselor Lindsey Follows a 'Less Is More' Strategy in Fighting White House Firestorms, Wash. Post, Feb. 5, 1998, at A12

lawyers already have prepared legal briefs on the Executive privilege issue. See John M. Broder & Don Van Natta Jr., Executive Privilege Invoked In Clinton Aides' Testimony, N.Y. Times, Feb. 25, 1998, at A1. As the President has been contemplating the Executive privilege issues for over a month, scheduling an expeditious hearing will not unfairly prejudice his interests, especially considering the existence of clear and binding precedent on Executive privilege.

The United States, therefore, respectfully requests expedited consideration of its motion to compel. Specifically, we request a hearing the week of March 23, 1998. The United States further respectfully requests that this Court decide this motion with the utmost dispatch.

Respectfully submitted,

KENNETH W. STARR
INDEPENDENT COUNSEL

*(signature)*

Rodger A. Heaton
Associate Independent Counsel

Joseph M. Ditkoff
Darrell M. Joseph
Associate Independent Counsel

---

(reporting that "the White House weighs whether to claim that some of Lindsey's conversations with Clinton are shielded by executive privilege"); John M. Broder, Starr Outlines Conditions For a Grant of Immunity, N.Y. Times, Feb. 6, 1998, at A21 (reporting that President Clinton personally stated that he had not yet decided whether to invoke Executive Privilege).

```
                         OFFICE OF THE INDEPENDENT COUNSEL
                         1001 Pennsylvania Avenue, N.W.
                         Suite 490-North
                         Washington, D.C.  20004
                         (202) 514-8688
```

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, Motion to Expedite Consideration of Motions to Compel Testimony, was served via Federal Express or hand delivery on this the 10th day of March, 1998, to:

| | |
|---|---|
| The Hon. Charles F.C. Ruff<br>White House<br>Washington, D.C.  20500 | Counsel to the President |
| Mr. Neil Eggleston<br>Howrey & Simon<br>1299 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004 | Counsel to the Office of the President |
| Mr. Gerard Treanor<br>Venable Attorneys at Law<br>Venable, Baetjer, Howard & Civiletti<br>1201 New York Avenue, N.W.<br>Washington, D.C.  20005 | Counsel to Ms. Nancy Hernreich |

*Judy B. Madsen*