IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUN 0 8 1998

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

———————————————————— )   MISC. NO. 98-097(NHJ)
                                                   )
IN RE GRAND JURY PROCEEDINGS     )
                                                   )   **UNDER SEAL**
———————————————————— )

CONSENT MOTION OF THE UNITED STATES,
ACTING THROUGH THE ATTORNEY GENERAL,
FOR ACCESS TO RECONSIDERATION PAPERS AND ORDER

The United States of America, acting through the Attorney
General, moves for access to any motion for reconsideration,
response to such motion for reconsideration, and order or opinion
which the Court has rendered with respect to such motion for
reconsideration, in connection with the issues of executive
privilege and governmental attorney-client privilege raised by
the motions to compel testimony filed in these proceedings by the
Office of Independent Counsel.  Counsel for the Office of the
Independent Counsel ["OIC"] has authorized us to represent that
it supports this motion, and counsel for the Office of the
President [the "White House"] has authorized us to represent that
the White House consents to this motion.  The reasons for this
motion are as follows:

1.  In its Order of March 31, 1998, the Court granted the
motion of the United States, acting through the Attorney General,
for access to sealed filings and related hearing transcripts
concerning the OIC's motions to compel testimony in these
proceedings.  The motion was made to enable the Attorney General
to decide whether to make a presentation  amicus curiae  to the

Court, as guaranteed under the Independent Counsel Act, 28 U.S.C. 597(b).  The Department of Justice, of course, has a strong institutional interest in the issue of executive privilege and the applicability of attorney-client privilege to government lawyers.  The Attorney General filed a brief <u>amicus</u> <u>curiae</u> on April 12, 1998.

2.  The Court, on May 4, 1998, filed an order and opinion granting the OIC's motions to compel testimony.  Subsequently, the Court granted the Attorney General's motion for access to this order and opinion, and still later granted the Attorney General's motion to unseal the redacted version of her brief <u>amicus</u> <u>curiae</u>.

3.  The United States, acting through the Attorney General, was served with papers by the White House noticing an appeal to the United States Court of Appeals for the District of Columbia Circuit from this Court's order granting the OIC's motions to compel, and it was also served with papers by the OIC petitioning the United States Supreme Court for a writ of certiorari and moving for expedited consideration.  The Supreme Court issued an order denying OIC's petition and motion without prejudice, but suggesting that the District of Columbia Circuit expedite the White House's appeal.  The District of Columbia Circuit has issued a scheduling order directing the White House to file its opening brief by June 15, 1998, one week from today, and

directing the OIC to file its responsive brief by June 22, 1998, one week later.

In the interim, according to published reports, the White House moved for reconsideration of this Court's order granting the OIC's motion to compel testimony, the OIC opposed that motion, and the Court granted it in part and denied it in part. The Department of Justice has not been served with, or granted access to, any such motion, opposition, or order.

4.  The Attorney General and the Solicitor General are guaranteed by the Independent Counsel Act, 28 U.S.C. 597(b), the right to make a presentation amicus curiae to "any court" as to issues of law raised in these proceedings.  Therefore, the Attorney General and the Solicitor General have the right to make a presentation amicus curiae to the District of Columbia Circuit and to the Supreme Court on the issues the White House will raise in the pending appeal.

However, the ability of the Attorney General and the Solicitor General to decide whether to make such a presentation, or the nature of such a presentation, is seriously impeded by lack of access to any reconsideration papers that may have been filed and any order on reconsideration that may have been rendered.  For example, without access to those materials, the Attorney General and the Solicitor General cannot know whether disputed issues before the Court were resolved on reconsideration

and removed from the scope of the White House's appeal. Similarly, the Attorney General and the Solicitor General cannot know whether the Court's initial order has been modified.

Given the exceptionally expedited briefing schedule adopted by the District of Columbia Circuit, it is imperative that the Attorney General and the Solicitor General have access to any reconsideration papers and order as soon as possible. As in the past, the Department of Justice will limit access by officials and attorneys within the Department of Justice to such papers and order any order or opinion the Court has rendered or will render in accordance with the access restrictions provided in the Court's Order of March 31, 1998, as amended by the Court's Order of April 3, 1998.

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General

GARY G. GRINDLER
Deputy Assistant Attorney General

DAVID J. ANDERSON

NEIL H. KOSLOWE
Special Litigation Counsel
Civil Division - Room 1036
Department of Justice
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-3418
D.C. Bar No. 361792

Attorneys for the United States

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                               )  MISC. NO. 98-097 (NHJ)
IN RE GRAND JURY PROCEEDINGS   )
_____)  **UNDER SEAL**

CERTIFICATE OF SERVICE

I certify that today, June 8, 1998, I served the Consent
Motion of the United States, Acting Through the Attorney General,
for Access to Reconsideration Papers and Order, and proposed
Order, upon the parties by causing copies to be hand-delivered to
the following counsel of record:

                    Kenneth W. Starr, Esq.
                    Office of the Independent Counsel
                    Suite 490 - North
                    1001 Pennsylvania Avenue, N.W.
                    Washington, D.C. 20004

                    W. Neil Eggleston, Esq.
                    Howrey & Simon
                    1299 Pennsylvania Avenue, N.W.
                    Washington, D.C. 20004

                    Charles F.C. Ruff, Esq.
                    White House Counsel
                    The White House
                    Washington, D.C. 20500

                    Gerard Treanor, Esq.
                    Venable, Baetjer, Howard & Civiletti
                    Suite 1000
                    1201 New York Avenue, N.W.
                    Washington, D.C. 20005-3917

                              _____
                              NEIL H. KOSLOWE
                              Attorney.